IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| KENNETH BRAATEN, as Personal Representative for the Estate of Rhonda R. Braaten, | No. CV-17-94-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS ON MOTION TO REMAND** |
| BNSF RAILWAY COMPANY, a Delaware Corporation; ROBINSON INSULATION COMPANY, a Montana Corporation for profit; JOHN SWING; et al., | |
| Defendants. | |

## I.    INTRODUCTION

Plaintiff Kenneth Braaten, as Personal Representative for the Estate of

Rhonda R. Braaten (hereinafter "Mr. Braaten"), filed this action in Montana state

district court[1] alleging various asbestos-related tort claims.  On September 11,

2017, Defendant BNSF Railway Co. ("BNSF") timely removed to this Court on

diversity of citizenship grounds.  (*See* Doc. 1).  BNSF acknowledges that

---

[1] *Kenneth Braaten, as Personal Representative for the Estate of Rhonda R. Braaten v. BNSF Railway Company et al.*, DDV 16-0862, Montana Eighth Judicial District Court, Cascade County (Nov. 4, 2016).

defendant John Swing (Mr. Swing) is a citizen of Montana, but claims he has been fraudulently joined.  On September 19, 2017, Mr. Braaten filed a Motion to Remand this action back to State court, arguing Mr. Swing is a proper defendant and that his presence in the action prevents removal under the forum defendant rule and because his presence destroys diversity of citizenship.  (Doc. 13).  The motion has been fully briefed, and the Court held a hearing on the matter on November 1, 2017.  The motion is ripe for adjudication.

## II.     DISCUSSION

### A.     Fraudulent joinder

District courts have jurisdiction over state law claims in which the matter in controversy exceeds $75,000, and is between citizens of different states.  28 U.S.C. § 1332(a).  Removal under section 1332(a) requires "complete diversity" of citizenship, meaning each plaintiff, with few exceptions, must be diverse from each defendant.  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (citation omitted).  If any defendant who is "properly joined and served" is "a citizen of the State in which the action is brought[,]" then the action is not removable.  28 U.S.C. 1441(b)(2).  Therefore, unless Mr. Swing has been fraudulently joined, the action must be remanded.

The removal statutes are to be strictly construed against removal jurisdiction.

*Lovell v. Bad Ass Coffee Co. of Hawaii, Inc.,* 103 F.Supp.2d 1233, 1236 (D. Haw. 2000). All doubts are to be resolved "against removal, . . .  employ[ing] a presumption against fraudulent joinder." *Macey v. Allstate Property & Casualty Ins. Co.*, 220 F.Supp.2d 1116, 1117 (N.D. Cal. 2002) (citation omitted). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party alleging fraudulent joinder bears the burden of persuasion. *Lovell,* 103 F.Supp.2d at 1237 (citations omitted).

A party "will be considered fraudulently joined – and removal will be permitted – when the plaintiff has not or cannot state a claim for relief" against the non-diverse individual under the applicable state substantive law. 14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE  §3723 at 631 (3d ed. 1998); *see also Lovell*, 103 F.Supp.2d at 1237 (citing *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). Any disputed issues of fact are to be resolved in favor of the plaintiff. *Charlin v. Allstate Ins. Co.*, 19 F.Supp.2d 1137, 1140 (C.D. Cal. 1998).

In its Notice of Removal, BNSF alleges that BNSF Railway is incorporated in Delaware, and has its principal place of business in Texas, and is therefore a citizen of Delaware and Texas. (Doc. 1 at ¶ 5). It further alleges that Mr.

Braaten is a citizen of Montana.  (*Id.* at ¶ 4, *see* Doc. 4 at ¶ 1).  BNSF also alleges that Mr. Swing is a citizen of Montana, but that he is not a "viable defendant."  (*Id.* at ¶ 6, *see* Doc. 4 at ¶ 3).

BNSF premises its opposition to Mr. Braaten's Motion to Remand on the argument that Mr. Swing is fraudulently joined and his presence in the action should therefore be ignored for purposes of diversity as well as for the application of the forum defendant rule, 28 U.S.C. §1441(b)(2).  Therefore, the issue is whether Mr. Swing can be held personally liable under Montana law given the allegations in Mr. Braaten's Complaint and is therefore properly joined as a defendant in this action.

A corporate agent under Montana law may be held personally liable if "the agent was personally negligent or that the agent's actions were tortious in nature." *Crystal Springs Trout Co. v. First State Bank of Froid,* 732 P.2d 819, 823 (Mont. 1987); Mont. Code Ann. § 28-10-702 (2001); *see also Bottrell v. Am. Bank*, 773 P.2d 694, 708-09 (Mont. 1989) ("officer or director [personally liable if he] acts against the best interests of the corporation, acts for his own pecuniary benefit, or with the intent to harm the plaintiff") (citing *Phillips v. Montana Education Ass'n*, 610 P.2d 154, 158 (Mont. 1980)); *Little v. Grizzly Mfg.*, 636 P.2d 839, 841 (Mont. 1981).  Where, as here, there are allegations

against an employee personally, the Montana Supreme Court has allowed the employee to be named as a defendant. *Dagel v. City of Great Falls*, 819 P.2d 186, 195 (Mont. 1991).

BNSF argues that any negligence on the part of Mr. Swing was in the course and scope of his employment, and therefore he cannot personally be held liable. (Doc. 29 at 19). It argues that the exception holding corporate agents personally liable for acts that are "wrongful in nature" is narrow and against the general policy of shielding officers and agents "from personal liability for acts taken on behalf of a corporation." (*Id.* at 19 (quoting *Crystal Springs*, 732 P.2d at 823)).

However, courts in the District of Montana have held that it is enough to allege that the corporate agent either ignored warnings or participated in the principal's tortious conduct to hold the agent personally liable. For instance, in *Castro v. ExxonMobil Oil Corp.*, 2012 WL 523635 (D. Mont. 2012), the Court reasoned as follows in granting a motion to remand:

> As recently as 2009, the Montana Supreme Court affirmed the longstanding rule that corporate agents can be personally liable if they were personally negligent or their actions were tortious in nature. *Ammondson v. Northwestern Corp.*, 353 Mont. 28, 220 P.3d 1, 21 (Mont. 2009) [citation omitted]. Here, for example, Plaintiffs allege Montgomery is the Terminal Superintendent for EMPC [and] was aware that the Silvertip Pipeline was not buried deep enough below the Yellowstone River and that high water

could damage the pipeline, that he was actively involved in ExxonMobil's decision to ignore the warnings . . . Plaintiffs have sufficiently alleged that Montgomery was personally negligent with regard to the Silvertip Pipeline.

*Id.* at *3.

Similarly, in *Staley v. BNSF Railway Co. and Lynn Ludwig*, 2015 WL 860802 (Feb. 27, 2015) (D. Mont.), the Court granted the plaintiff's Motion to Remand because the plaintiff alleged that Ludwig, BNSF's corporate agent, "ignored complaints and the allegedly unsafe conditions that existed[.]" *Id.* at *4. The Court held that these allegations were "sufficient to pursue a negligence claim against Ludwig personally.  The alleged lack of response and ignoring of safety complaints support [Plaintiff's] claim that Ludwig was personally negligent." *Id.*

The Court finds that BNSF has not established that Mr. Swing has been fraudulently joined.  Mr. Braaten's Complaint alleges that Mr. Swing "was a managing agent for BNSF in Libby, Montana and is a resident of Lincoln County, Montana." (Doc. 4 at ¶ 3).  Mr. Braaten's Complaint alleges that Mr. Swing was incorporated by reference into all allegations as to BNSF's conduct:

> During [1960-2005][2], Plaintiff resided or remained in proximity to the real property of BNSF and was thereby exposed to asbestos dust from BNSF's property and operations.  John Swing was a managing agent for BNSF in

---

[2] BNSF has not put on evidence to dispute that Mr. Swing was employed as a supervisor during this time frame.  Furthermore, according to Mr. Swing's discovery response, he was a "supervisory agent" for BNSF from 1973-1984.  (Doc. 14-1 at 5-6).

Libby, Montana, and as such is separately responsible for acts wrongful in this nature.  Allegations herein as to BNSF's conduct and knowledge by this reference specifically include defendant John Swing.

(*Id.* at ¶ 16).  The Complaint further alleges that Mr. Swing was negligent because he failed to inquire, study, and evaluate the dust hazard to human health, failed to take measures to prevent toxic dust from collecting upon and escaping from its property, and failed to warn Plaintiff of the true nature of the hazardous effects of the dust.  (*Id.* at ¶ 21; *see id.* at ¶¶ 15-28).  These allegations are sufficient to state a negligence claim against Mr. Swing personally and BNSF cannot show that Mr. Braaten has not or cannot state a claim for relief against Mr. Swing under applicable Montana law.

The Court finds that Mr. Swing is not fraudulently joined as a defendant in this action.  Mr. Swing's presence defeats complete diversity and invokes the forum defendant rule, both of which render BNSF's removal improper.  The Court therefore recommends that the action be remanded to state court.  28 U.S.C. 1441(b)(2).[3]

## B.    Attorney fees and costs

Mr. Braaten also requests, pursuant to 28 U.S.C. § 1447(c), an award of 'the

---

[3] BNSF also argued that Defendant Robinson Insulation Company, a Montana corporation, was fraudulently joined.  However, because the Court finds that removal was improper based on Mr. Swing's citizenship, the Court need not address this argument.

just costs and reasonable attorney fees in securing remand." (Doc. 14 at 15).
"[A]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," but payment may not be awarded, "[a]bsent unusual circumstances[,] . . . only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court finds, based upon the discussion above, that BNSF had an objectively reasonable basis for seeking removal. Therefore, the Court recommends that there be no award of attorney fees and costs to Mr. Braaten.

## III.   FINDINGS AND RECOMMENDATIONS

Based on the foregoing, the Court **FINDS:**

1. BNSF has not met its burden to show that Mr. Swing was fraudulently joined.

2. BNSF had an objectively reasonable basis for seeking removal.

The Court **RECOMMENDS:**

1. The District Court should grant Mr. Braaten's Motion to Remand (Doc. 13).

2. The District Court should deny Mr. Braaten's request for an award of attorney fees and costs.

## IV.   NOTICE OF RIGHT TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 3rd day of January, 2018.


John Johnston
United States Magistrate Judge